■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 18, 1986, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of manslaughter in the first degree arose out of the fatal shooting of John Mulcahy on August 28, 1985. On the instant appeal, the defendant argues that the People did not establish that he possessed the requisite intent to cause "serious physical injury" (Penal Law § 125.20). We disagree with the defendant's argument. Although there was evidence adduced that the defendant was intoxicated at the time of the shooting, the record indicates that the defendant fired two shots at the deceased and, after the latter fell in the street, the defendant walked up to the deceased, shot him four more times, and leisurely walked away.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt (see, People v Milea, 112 AD2d 1011, lv denied 66 NY2d 921; People v Norman, 118 AD2d 597, lv denied 67 NY2d 1055; People v Cintron, 74 AD2d 457). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We also find that the sentence was not excessive under the circumstances (see, People v Suitte, 90 AD2d 80). Finally, we have examined the defendant's remaining contentions raised in his supplemental pro se brief, and find them to be without merit. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.