■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY PUNTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered April 18, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not err in denying the suppression of the inculpatory statement made by him to the police, in which he admitted his role in the shooting death of the decedent. The evidence adduced at the *Huntley* hearing clearly established that the defendant voluntarily surrendered to the police. Prior to his arrest he was apprised of his constitutional rights which he knowingly, intelligently and voluntarily waived *(see, People v Hamilton,* 138 AD2d 625, *lv denied* 72 NY2d 860). Thereafter he admitted to the shooting, claiming that he shot in self-defense. Thus the court correctly ruled his statement admissible. We further note, however, that even if we were to find that suppression was required, the People did not offer the statement in question into evidence at trial so that any claimed illegality is without merit *(see, People v Colloca,* 57 AD2d 1039).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt. The prosecution called, *inter alia,* 2 eyewitnesses to the shooting, 1 of whom testified that he heard the defendant announce his intention to kill the victim immediately prior to his firing the first of two shots at a distance of approximately 6 to 10 feet. The minor testimonial inconsistencies complained of do not render the testimony of the prosecution witnesses incredible as a matter of law *(People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133).

Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we find that the verdict was not against the weight of the evidence. The jury could reasonably and rationally conclude from the evidence adduced at trial *(see, People v Bleakley,* 69 NY2d 490) that the defendant had intentionally shot and killed his victim *(see, People v Underwood,* 126 AD2d 584; *see also, People v Ciola,* 136 AD2d 557, *lv denied* 71 NY2d 893). The evidence also disproved the defendant's proffered defense of justification (Penal Law § 35.15) beyond a reasonable doubt *(see, People v Collice,* 41 NY2d 906). The verdict rested largely upon the jury's assessment of the credibility of the respective witnesses and its determination should be given great weight on appeal. As the verdict is clearly supported by the record it should not be disturbed *(see, People v Garafolo,* 44 AD2d 86).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or

without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.