■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE HAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered October 28, 1986, convicting him of burglary in the first degree (two counts), attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defendant alleged that the complainant purposely misidentified him out of a sense of revenge due to their ongoing landlord-tenant dispute. He also presented alibi testimony that it would have been impossible for him to have been at the victim's house at the time of the shooting. The jury heard these witnesses and rejected that testimony. It had ample ground, based on the complainant's unequivocal identification testimony, to accept the People's version of the facts *(see, People v Dudley,* 110 AD2d 652). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by

the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant contends that the testimony of Officer McGurran and Detective Butler constituted impermissible hearsay, the admission of which deprived him of a fair trial. Any issue of law with respect to this claim is not preserved for appellate review. In both instances the court gave limiting instructions to the jury and the defendant did not request additional instructions or seek a mistrial. Therefore, the court must be deemed to have cured the error to the defendant's satisfaction *(see, People v Medina,* 53 NY2d 951; *People v Booker,* 145 AD2d 564, 565). Moreover, in light of the fact that the evidence of the defendant's guilt was clear and strong, any error in admitting the challenged testimony would not warrant reversal *(see, People v Crimmins,* 36 NY2d 230, 231).

We have examined the defendant's other contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.