■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY KELLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.),

rendered May 19, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 4, 1982, during an illegal drug transaction, the defendant and an accomplice, instead of paying for marihuana, shot and killed the victim and ran off with the drugs. The trial testimony established that the People's main witness, a participant in the underlying drug transaction, met with the defendant several times up to the time of the killing. That witness acted as a middleman in the drug transaction by bringing together the defendant and his accomplice and the victim, the seller of marihuana, and he was present at the time of the murder.

The defendant contends that the People's main witness, because of his involvement in the underlying drug transaction and certain inconsistencies between his trial testimony and the statement he gave to the police the day after the crime occurred, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The People proved that the defendant, while robbing the victim of marihuana, shot and killed him.

Moreover, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We have considered the defendant's remaining contentions raised in his supplemental *pro se* brief and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.