■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered July 6, 1988, convicting him of burglary in the second degree, grand larceny in the fourth degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt. The prosecution called the eyewitness, a car-service driver, who had gone to the house which was burglarized to pick up passengers. He testified that he observed the defendant for about four minutes in broad daylight as the defendant and two other men started carrying various items out of the house and loading them into the trunk of his cab. Any minor testimonial inconsistencies do not render the testimony of the prosecution witness incredible as a matter of law *(see, People v Punter,* 149 AD2d 631).

Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we find the verdict was not against the weight of the evidence. The jury could reasonably and rationally conclude from the evidence adduced at trial *(see, People v Bleakley,* 69 NY2d 490) that the defendant had knowingly entered complainant's home with intent to commit a larceny. Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 86). As the verdict is clearly supported by the record, it should not be disturbed *(see, People v Garafolo,* 44 AD2d 86).

The court's *Sandoval* ruling was proper since it permitted the prosecution to inquire as to the facts underlying a youthful offender adjudication for the purpose of impeaching the defendant's credibility, provided that no mention was made as to the ultimate disposition *(see, People v Kyser,* 147 AD2d 590).

Contrary to the defendant's assertions, we do not find the sentence imposed to be unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80, 83).

We have considered the defendant's remaining contention and find that it does not require reversal. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.