■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL ROCHESTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 25, 1987, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the People did prove his guilt of manslaughter in the first degree (see, Penal Law § 125.20 [1]) beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in

the first degree. The People established that during the course of a "gypsy" cab ride, the defendant became embroiled in a heated dispute with the decedent cab driver. When the cab reached its destination the defendant asked the decedent to wait for him. When the decedent informed the defendant that he expected to be compensated for his time spent waiting, the defendant produced a loaded, unlicensed hand gun which he fired, approximately two feet from the decedent's head, inflicting a mortal head wound. This evidence, coupled with the defendant's expletive exclamation prior to firing the gun, proved beyond a reasonable doubt that the defendant intended to cause the decedent to suffer serious physical injury *(see, People v Esteves,* 152 AD2d 406; *People v White,* 143 AD2d 1066).

Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). While the defendant contends that the shooting was reckless and not the result of any injurious intent, the jury was not obligated to believe his testimony. Indeed, it is axiomatic that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *see also, People v Atilio,* 155 AD2d 604; *People v Hawkins,* 155 AD2d 617). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Garafolo,* 44 AD2d 86; *see also, People v Kelly,* 155 AD2d 692). In the instant case, the jury's verdict was supported by objective evidence in the record, notwithstanding the defendant's testimony, and will not be disturbed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.