■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD KNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 5, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The testimony of a single eyewitness can be sufficient to support a judgment of conviction *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v Hooper,* 112 AD2d 317). Matters of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Here, the jury was entitled to give great weight to the testimony of the complaining witness and to reject the testimony of the defendant's alibi witnesses.

We also reject the defendant's contention that the introduction of certain rebuttal testimony deprived him of a fair trial. The record reveals that the defense strategy was to convince the jury of the truthfulness of the alibi defense by offering testimony that the police had been informed of the defendant's alibi on the day that he was arrested. Prior to the testimony of the first defense witness, the defense counsel advised the court that, since the witnesses had promptly notified the police of the alibi, the court need not consider imposing limitations on the People's cross-examination of the witnesses concerning any delay in reporting the alibi to the police *(see, People v Dawson,* 50 NY2d 311). The defense counsel then elicited testimony from the alibi witnesses regarding conversations that they had with the police when the defendant was arrested, and no objection was made on *Dawson* grounds to the prosecutor's subsequent cross-examination of those witnesses on the issue. On rebuttal, the People offered

the testimony of a police officer who denied that the statements regarding the defendant's alibi were made to him. The defense counsel objected to this testimony solely on the ground that it was collateral. On appeal, the defendant argues that the testimony was collateral in that it was offered to impeach the witnesses's general credibility, and furthermore, that testimony regarding a witness's failure to promptly inform the police of a defendant's alibi is generally considered of little probative value (see, People v Dawson, supra).

We conclude that the rebuttal testimony was properly admitted in this case. Although a witness may not be impeached with extrinsic evidence on a collateral issue (see, People v Wise, 46 NY2d 321), we find that the police officer's testimony was not collateral but was relevant to the alibi defense and was offered to disprove facts set forth by the defendant's witnesses (see, People v Cade, 73 NY2d 904; People v Beavers, 127 AD2d 138). The People bear the burden of disproving an alibi defense beyond a reasonable doubt. The rebuttal testimony was offered to disprove the witnesses's testimony that they remembered, on the date that the defendant was arrested, that he had been with them on the day the crime was committed and that the police were so informed. To the extent that previous decisions of this court suggest that alibi testimony may not be rebutted by evidence of a witness's prior inconsistent statements (see, People v Orse, 91 AD2d 1003; People v Allen, 74 AD2d 640), they are overruled. Finally, under the facts of this case, we do not view the rebuttal testimony as an attempt to circumvent the limitations set forth in People v Dawson (supra), on cross-examination regarding an alibi witness's failure to promptly notify the police.

The defendant's contention that the court's Allen charge coerced the jury into agreeing upon a verdict is without merit (see, People v Pagan, 45 NY2d 725). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.