■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HAYNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered June 29, 1988, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the perpetrator of the instant robbery beyond a reasonable doubt. Contrary to the defendant's contentions, however, we find that the evidence, viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Indeed, the testimony of the complainant convincingly established that the defendant, acting in concert with another, displayed a handgun and a knife during a robbery during which the complainant was able to observe the defendant for approximately six minutes under good lighting conditions and at close range. The complainant's unhesitating identification testimony was in and of itself sufficient to sustain the defendant's conviction *(see, People v Howard,* 153 AD2d 903; *People v Solomon,* 141 AD2d 579, *People v Blackshear,* 112 AD2d 1044). Moreover, the minor testimonial inconsistencies of which the defendant now complains do not render the complainant's testimony incredible as a matter of law *(see, People v Colon,* 161 AD2d 782; *People v Punter,* 149 AD2d 631). The jury heard and saw the complainant testify and thus it was

entitled to favorably credit his testimony *(see, People v Atilio,* 155 AD2d 604; *People v Hawkins,* 155 AD2d 617). It was similarly free to discredit the defendant's alibi defense. The jury's determination is clearly supported by the record *(see, People v Kelly,* 155 AD2d 692; *People v Garafolo,* 44 AD2d 86).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.