■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered August 23, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the verdict was supported by legally sufficient evidence. At trial, the People established that the decedent and the defendant were acquaintances. On the day of the incident, they had argued. During the course of that argument, the decedent slapped the defendant. That evening, the decedent was standing near a liquor store, talking to a group of men. When the defendant approached, the decedent punched him. The defendant retreated and the decedent resumed talking. The defendant then approached the decedent from behind and, before the decedent could react, stabbed him once in the abdomen. As the decedent staggered to the street, the defendant stabbed him again, this time in the back. According to the Medical Examiner, the decedent, whose death resulted from the stab wounds, had been stabbed with "some force".

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt and to disprove any justification defense beyond a reasonable doubt (see, People v Porter, 161 AD2d 811; see also, People v Rochester, 168 AD2d 519; People v Penny, 151 AD2d 512; People v Martinez, 149 AD2d 438; People v Aveille, 148 AD2d 461). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.