■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELGADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 6, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The complainant testified that the defendant and another man approached him on the street, aimed a handgun at his head, and directed him to give them all of his money, which amounted to $130. The complainant further testified that he was able to observe the defendant at close range for one to two minutes, and that although the robbery occurred in the early morning hours prior to daylight, his observation was aided by the presence of two nearby lights. Any minor testimonial inconsistencies do not render the testimony of the prosecution witness incredible as a matter of law (see, People v Haynes, 175 AD2d 929; People v Colon, 161 AD2d 782).

Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we find that the verdict was not against the weight of the evidence. The jury could reasonably and rationally conclude from the evidence adduced at trial that the defendant, displaying a handgun and assisted by another perpetrator, robbed the complainant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 86). As the verdict is clearly supported by the record, it should not be disturbed (see, People v Garafolo, 44 AD2d 86).

With regard to the defendant's contention that the prosecution's late disclosure of a handwritten complaint report denied him a fair trial, we note that this issue is unpreserved for appellate review (CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (CPL 470.15 [6] [a]).

The sentence imposed by the court was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80, 84). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.