■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BRYAN, Appellant

Contrary to the defendant's contentions, we find that the evidence, viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the People failed to prove his identity as the perpetrator of the instant robbery beyond a reasonable doubt. The complainant testified that, during the robbery, he stood face to face with the defendant, approximately 7 to 10 inches apart, in broad daylight. In addition, the complainant identified the defendant in a lineup and at trial. This identification testimony was sufficient to establish the defendant's identity as the perpetrator *(see, People v Haynes,*

175 AD2d 929; *People v Knight,* 173 AD2d 736). The minor testimonial inconsistencies of which the defendant now complains do not render the complainant's testimony incredible as a matter of law *(see, People v Haynes, supra; People v Colon,* 161 AD2d 782).

Issues of credibility, as well as the weight to be accorded to the evidence, are primarily for the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination to credit the testimony of the complaining witness and to discredit the defendant's alibi defense is entitled to great weight on appeal and will not be disturbed unless it is unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, People v Haynes, supra; People v Knight, supra).*

The defendant also claims that his guilt of criminal possession of stolen property in the fourth degree was not established by legally sufficient evidence because the People did not prove that he knowingly possessed stolen property *(see,* Penal Law § 165.45). Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish that the defendant knowingly had constructive possession of the stolen vehicle even though he was not driving it *(see, People v Contes, supra; People v Jenkins,* 143 AD2d 846).

In addition, the defendant argues that the arresting officer was improperly permitted to inferentially bolster the identification testimony of the complaining witness. The arresting officer testified that he charged the defendant with the robbery after the complainant gave certain responses to questions during the lineup. Although the arresting officer did not reveal any answers given by the complainant, this testimony was improperly admitted since it implicitly bolstered the complainant's testimony *(see, People v Trowbridge,* 305 NY 471; *People v Veal,* 158 AD2d 633). However, we find that the strength of the complainant's identification testimony precluded any significant probability that the jury would have acquitted the defendant had it not been for the improper bolstering *(see, People v Johnson,* 57 NY2d 969).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.