■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON JORDAN, Appellant.—Appeal by the defendant from

(1) a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 6, 1989, convicting him of robbery in the first degree under Indictment No. 1749/88, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Feldman, J.), rendered March 8, 1989, revoking a sentence of probation previously imposed by the same court under Indictment No. 81/85, upon a finding that the defendant had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his prior conviction of robbery in the second degree.

Ordered that the judgment and amended judgment are affirmed.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree under Indictment No. 1749/88 beyond a reasonable doubt. The complainant testified that it was the defendant, armed with a black handgun, who was one of two assailants who robbed him inside the elevator of his apartment building. The complainant testified that he recognized the defendant from the neighborhood, having seen him on numerous occasions over the preceding three years. During the course of the crime he observed the defendant at close range and under good lighting conditions. Furthermore, he provided the police with the defendant's nickname, having heard it during the course of the robbery.

Although there were some inconsistencies in the complainant's testimony, they were not so significant as to render his testimony incredible as a matter of law (see, People v Bryan, 179 AD2d 667; People v Haynes, 175 AD2d 929; People v Colon, 161 AD2d 782; People v Punter, 149 AD2d 631). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury was entitled to credit the complainant's testimony (see, People v Atilio, 155 AD2d 604; People v Hawkins, 155 AD2d 617), notwithstanding the inconsistent aspects thereof about which he was thoroughly cross-examined. Since the jury's verdict is supported by the record, it should not be disturbed on appeal (see, People v Haynes, supra; People v Kelly, 155 AD2d 692; People v Garafolo, 44 AD2d 86).

Furthermore, there is no merit to the defendant's conten-

tion that his conviction of robbery in the first degree was procured as a result of perjured testimony intentionally elicited by the prosecutor. Initially, we note that because this matter was never raised before the trial court by objection or post-verdict motion, any claims of error in regard to this matter are unpreserved for appellate review (CPL 470.05 [2]). In any event, the prosecutor did not suborn perjury by instructing the complainant not to refer to the defendant's presence at the scene of another alleged robbery immediately preceding the instant crime, so as to avoid introducing evidence of an uncharged crime. When defense counsel elicited this testimony on cross-examination by referring to statements the complainant had previously made to police, the prosecutor correctly elicited clarifying testimony from the complainant on re-direct examination to rehabilitate his credibility after defense counsel had explored what otherwise would have been an apparent inconsistency in the complainant's testimony.

In light of our determination, there is no basis for vacatur of the plea under Indictment No. 81/85 *(cf., People v Bond,* 116 AD2d 28).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.