People v Sedeno (2020 NY Slip Op 07106)





People v Sedeno


2020 NY Slip Op 07106


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2015-06420
 (Ind. No. 8707/13)

[*1]The People of the State of New York, respondent,
v
Peter Sedeno, appellant.


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 22, 2015, convicting him of manslaughter in the first degree, gang assault in the first degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his due process right to a fair trial was violated by alleged prosecutorial misconduct during the prosecutor's opening or summation statements is unpreserved for appellate review (see CPL 470.05[2]). The defendant raised no objections, failed to request curative instructions, and failed to request additional relief or timely move for a mistrial on this ground (see People v Gonzalez, 183 AD3d 663). In any event, the comments at issue here were either fair response to arguments presented in summation by defense counsel, fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Lindsey, 172 AD3d 1233, 1234; People v Hogue, 166 AD3d 1009, 1011; People v Monteleone, 71 AD3d 790), or harmless to the extent that they may have been improper (see People v Crimmins, 36 NY2d 230, 241-242).
Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86). Weighing all of the relevant circumstances, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (see CPL 720.20[1]; People v Minaya, 164 AD3d 836).
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court