People v Rodriguez (2021 NY Slip Op 05990)





People v Rodriguez


2021 NY Slip Op 05990


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-04336
 (Ind. No. 1070/16)

[*1]The People of the State of New York, respondent,
v
Samuel Rodriguez, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Aharon Diaz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered January 23, 2018, convicting him of robbery in the first degree (four counts), robbery in the second degree (six counts), grand larceny in the fourth degree (two counts), criminal possession of a weapon in the fourth degree (four counts), and criminal possession of stolen property in the fifth degree (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and the facts, by vacating the convictions of robbery in the first degree pursuant to Penal Law § 160.15(3) charged in counts 1 and 6 of the indictment, robbery in the second degree pursuant to Penal Law § 160.10(1) charged in counts 2 and 7 of the indictment, robbery in the second degree pursuant to Penal Law § 160.10(2)(a), charged in counts 3 and 8 of the indictment, grand larceny in the fourth degree pursuant to Penal Law § 155.30(4), charged in counts 4 and 9 of the indictment, criminal possession of a weapon in the fourth degree pursuant to Penal Law § 265.01(2) charged in counts 5 and 10 of the indictment, and criminal possession of stolen property in the fifth degree pursuant to Penal Law § 165.40 charged in counts 17 and 18 of the indictment, and the sentences imposed thereon, and dismissing counts 1 through 10 and counts 17 and 18 of the indictment; as so modified, the judgment is affirmed.
The defendant was charged with a number of crimes relating to four separate robberies, two committed on February 28, 2016, and two committed on February 29, 2016. After a trial, the jury found the defendant guilty of all crimes charged in the indictment.
We agree with the defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the second degree pursuant to Penal Law § 160.10(2)(a), charged in counts 3 and 8 of the indictment, since the People failed to establish that the complainants suffered a physical injury. The evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), was legally insufficient to establish, beyond a reasonable doubt, that the complainants each sustained a physical injury within the meaning of Penal Law § 10.00(9). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). Here, both complainants testified at trial that they were hit from behind on the head. Neither of the complainants sought medical attention. One complainant testified that he had pain that lasted two days, and did not testify that he took any medication to treat his pain. The other [*2]complainant testified that his pain lasted for about one week and that he treated it with ice and Advil. Under these circumstances, there was insufficient evidence that either of the complainants suffered a physical injury within the meaning of Penal Law § 10.00(9) (see People v Williams, 146 AD3d 906, 909; People v Boley, 106 AD3d 753, 753-754; People v Young, 99 AD3d 739, 740). Accordingly, we vacate the defendant's convictions of robbery in the second degree pursuant to Penal Law § 160.10(2)(a), charged in counts 3 and 8 of the indictment, and the sentences imposed thereon, and dismiss those counts of the indictment.
The defendant contends that the evidence was legally insufficient to support his convictions concerning three of the robberies because the prosecution failed to prove his identity as one of the perpetrators of those crimes. Contrary to the People's contention, the defendant preserved for appellate review this challenge to the legal sufficiency of the evidence (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, since the circumstantial evidence established a prima facie case as to the defendant's identity as one of the perpetrators of these crimes (see People v Alman, 181 AD3d 694; People v Callicut, 101 AD3d 1256, 1259-1260; People v Torres, 231 AD2d 594).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence with respect to the crimes committed on February 29, 2016, charged in counts 11 through 16 and counts 19 and 20 of the indictment (see People v Romero, 7 NY3d 633). However, as to the crimes committed on February 28, 2016, charged in counts 1 through 2, 4 through 7, 9 through 10, and 17 through 18 of the indictment, we find that acquittal would not have been unreasonable (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d at 643). Accordingly, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d at 348; see People v Abellard, 189 AD3d 1605, 1606).
A New York Police Department detective testified at the trial that, in the course of investigating these crimes, he executed a search warrant at the home of the codefendant. During that search, the detective found, in addition to fruits of the February 28, 2016, crimes, a permanent resident identification card and a social security card in names not matching the names of either the defendant or the codefendant. Although the detective testified at trial that the photograph on the permanent resident identification card was of the defendant, he did not explain how he determined that the photograph was a photograph of the defendant, nor did he attempt to establish that the name on the documents (which bore no similarity to the name under which the defendant was prosecuted) was the defendant's true name or was used by him.
Neither of the complainants who were robbed on February 28, 2016, was able to identify the defendant as one of their assailants, and their descriptions of their assailants as young Hispanic/Latino men about five foot six inches tall wearing dark clothing was not sufficiently distinctive to support an inference that the defendant committed the February 28, 2016 crimes. The modus operandi of the crimes committed on February 28, 2016, and February 29, 2016, was likewise not sufficiently distinctive to support an inference that, because the evidence supported an inference that the defendant committed the February 29, 2016 crimes, he also committed the February 28, 2016 crimes. Under these circumstances, we find that the defendant's conviction of the February 28, 2016 crimes was against the weight of the evidence (see People v Garcia, 194 AD3d 956, 958-959; People v Green, 194 AD3d 1106, 1112-1113).
The defendant's contentions that he was deprived of the right to a fair trial by the Supreme Court's failures to sever the charges and to instruct the jury that it was not to commingle the evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Taylor, 164 AD3d 839, 840; People v Jones, 131 AD3d 1179, 1180; People v Whethers, 191 AD2d 526). In any event, [*3]joinder of the four robberies in a single indictment was proper under CPL 200.20(2)(b) to complete the narrative of all the events charged in the indictment and to provide necessary background information (see People v Smith, 187 AD3d 941, 943; People v Schultz, 128 AD3d 989, 989-990). Since the offenses were properly joined in one indictment pursuant to CPL 200.20(2)(b), the court lacked the authority to sever them (see People v Crawford, 163 AD3d 986, 988; People v Salnave, 41 AD3d 872, 873).
The sentence imposed with respect to the February 29, 2016 crimes was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court