People v Moore (2022 NY Slip Op 02287)

People v Moore

2022 NY Slip Op 02287

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-03011
 (Ind. No. 46/18)

[*1]The People of the State of New York, respondent,
v
Isaac Moore, appellant.

Patricia Pazner, New York, NY (Paris C. DeYoung of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered February 11, 2019, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's motions for a trial order of dismissal on the ground that the People did not present legally sufficient evidence with respect to his identity as the assailant were sufficiently specific to preserve that contention for appellate review (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution, (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Rodriguez, 199 AD3d 712, 713). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contention that he was deprived of a fair trial by the Supreme Court's denial of his request for an expanded identification charge is without merit. The court's charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification, and when evaluated against the background of the evidence presented, the failure to expand on identification did not deprive the defendant of a fair trial (see People v Knight, 87 NY2d 873, 874; People v Holmes, 167 AD3d 1039; People v Floyd, 150 AD2d 486).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court