People v Persaud (2025 NY Slip Op 01112)

People v Persaud

2025 NY Slip Op 01112

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-01938
 (Ind. No. 167/21)

[*1]The People of the State of New York, respondent,
v
Yaspal Persaud, appellant.

Drummond & Squillace, PLLC, Jamaica, NY (Stephen L. Drummond and JoAnn Squillace of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael J. Yavinsky, J.), rendered January 23, 2023, convicting him of kidnapping in the second degree, criminal contempt in the first degree, unlawfully fleeing a police officer in a motor vehicle in the third degree, reckless driving, obstructing governmental administration in the second degree, strangulation in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 8 years plus 5 years of postrelease supervision on the conviction of kidnapping in the second degree, an indeterminate term of imprisonment of 1 to 3 years on the conviction of criminal contempt in the first degree, a definite term of imprisonment of 364 days on the conviction of unlawfully fleeing a police officer in a motor vehicle in the third degree, a definite term of imprisonment of 30 days on the conviction of reckless driving, with those four sentences to run concurrently to each other, and a definite term of imprisonment of 364 days on the conviction of obstructing governmental administration in the second degree, a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision on the conviction of strangulation in the second degree, a definite term of imprisonment of 364 days on the conviction of menacing in the second degree, and a definite term of imprisonment of 364 days on the conviction of criminal possession of a weapon in the fourth degree, with those four sentences to run concurrently with each other, and the two sets of concurrent sentences to run consecutively to each other.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on the conviction of kidnapping in the second degree from a determinate term of imprisonment of 8 years plus 5 years of postrelease supervision to a determinate term of imprisonment of 5 years plus 5 years of postrelease supervision and on the conviction of strangulation in the second degree from a determinate term of imprisonment of 7 years plus 3 years of postrelease supervision to a determinate term of imprisonment of 5 years plus 3 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's contention that the charges arising from two distinct incidents were improperly joined in one indictment is unpreserved for appellate review, as the defendant did not move to sever the charges or otherwise raise this issue before the Supreme Court (see CPL [*2]470.05[2]; People v Rodriguez, 199 AD3d 712, 715; People v Guzman, 185 AD2d 824). In any event, joinder of the separate offenses was proper under CPL 200.20(2)(b) to complete the narrative of all the events charged in the indictment and to provide necessary background information (see People v Rodriguez, 199 AD3d at 715; People v Smith, 187 AD3d 941, 943).
The defendant's contention that the prosecutor's line of questioning and the Supreme Court's instructions during jury selection were improper is unpreserved for appellate review (see CPL 470.05[2]; People v Salcedo, 209 AD3d 678, 680; People v Hoyle, 32 AD3d 864, 865). In any event, the prosecutor's hypothetical questions during voir dire were not prejudicial or improper (see People v Santiago, 165 AD3d 505, 506; People v Dashosh, 59 AD3d 731). To the extent that the prosecutor's comments and the court's instructions were misleading as to the significance of motive, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention that the Supreme Court improperly admitted, as adoptive admissions, recordings of telephone calls that the defendant made to his wife while he was incarcerated is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 155 AD2d 617, 618). In any event, the court properly admitted the recordings, as the defendant clearly assented to his wife's statements about an incident on January 22, 2021 (see People v Oliver, 193 AD3d 1081, 1082; People v Morales, 176 AD3d 1235, 1236).
Contrary to the defendant's contention, the Supreme Court properly denied his motion for a mistrial or, in the alternative, to preclude a portion of his wife's testimony due to the People's untimely disclosure of a portion of his wife's grand jury testimony, which was initially redacted. Although the disclosure of that portion of the grand jury testimony was untimely, the People established that they filed the certificate of compliance in good faith (see CPL 245.50[1]; People v Bay, 41 NY3d 200, 214). Furthermore, the defendant failed to show prejudice from the belated disclosure, since his wife's redacted grand jury testimony was not inconsistent with her trial testimony (see CPL 245.80; People v Ramjattan, 219 AD3d 1348, 1351). In addition, the court properly denied the defendant's motion for a mistrial based upon the People's failure to turn over his wife's medical records. The defendant failed to establish that these records were in the People's possession, custody, or control (see CPL 245.20[1]), and, in any event, the defendant was not prejudiced thereby.
Moreover, the Supreme Court providently exercised its discretion in permitting the People to present a video recording taken from a police officer's body camera, as the video was highly probative as evidence of obstructing governmental administration and reckless endangerment, and the probative value was not outweighed by the prejudice to the defendant (see People v Brewer, 28 NY3d 271, 277). Further, the court's limiting instructions to the jury served to alleviate any potential prejudice from the admission of the video (see People v Morris, 21 NY3d 588, 598). To the extent that certain hearsay statements made by police officers in the video were improperly admitted, the error in admitting these statements was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d at 241-242).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of kidnapping in the second degree and obstructing governmental administration beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that his due process right to a fair trial was violated by [*3]alleged prosecutorial misconduct based upon the prosecutor's comments during her opening statement and in response to certain testimony is unpreserved for appellate review (see CPL 470.05[2]). The defendant failed to object, request curative instructions, request additional relief, or move for a mistrial on this ground (see People v Sedeno, 188 AD3d 1269, 1270). In any event, the challenged comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or within the broad scope of permissible rhetoric (see People v Smith, 187 AD3d 941, 943-944; People v Vale, 177 AD3d 685, 686).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Rodriguez, 224 AD3d 783, 785; People v Freeman, 93 AD3d 805, 806).
The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review (see People v Demilio, 227 AD3d 1098, 1101; People v Wiggins, 6 AD3d 634). In any event, the record fails to establish that the Supreme Court penalized the defendant for exercising his right to proceed to trial (see People v Demilio, 227 AD3d at 1101; People v Mack, 293 AD2d 761, 762). However, the sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court