■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL MAJOR, Appellant. [663 NYS2d 36] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered June 8, 1993, convicting defendant, after a jury trial, of two counts of burglary in the first degree, robbery in the first degree, two counts of robbery in the second degree and assault in the second degree, and sentencing him, as a second violent

felony offender, to three terms of 12½ to 25 years, two terms of 7½ to 15 years, and a term of 3½ to 7 years, all sentences to be served concurrently, and, order, same court and Justice, entered on or about August 19, 1996, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The court sufficiently inquired into defendant's general and conclusory complaints about his assigned counsel, given that defendant made no request for new counsel (*compare, People v Sides*, 75 NY2d 822), but only for an adjournment to review the discovery materials disclosed at the outset of trial pursuant to CPL 240.45. The court provided an adequate remedy in the form of a lengthy recess.

Evidence of telephone conversations between defendant and the mother of a witness was properly admitted at trial. Even assuming that defendant's phone calls were implied threats and therefore constituted evidence of an uncharged crime, admission of the mother's testimony was not erroneous, since it was highly probative of defendant's consciousness of guilt (*People v Cotto*, 222 AD2d 345, *lv denied* 88 NY2d 846). Defendant has not demonstrated any prejudice from the absence of a hearing and advance ruling on the admissibility of the evidence.

The court properly exercised its discretion when it denied defendant's belated application for a continuance to have an incarcerated witness returned to court for additional cross-examination of a cumulative nature.

The court properly denied, without a hearing, defendant's CPL 440.10 motion to vacate the judgment made on the ground that *Brady* material was not disclosed. The People submitted uncontroverted documentary evidence that refuted defendant's claim that the People had been aware at the time of trial that an investigating officer who testified at trial had been involved in an official corruption scandal (*People v Vasquez*, 214 AD2d 93, 99, *lv denied* 88 NY2d 943). The alleged factual basis for the motion consisted entirely of speculation, based primarily on a newspaper article proven to be inaccurate. Furthermore, the court properly denied that branch of the motion based upon "newly discovered evidence", since the officer's testimony was not crucial to the People's case and its absence would not have affected the outcome of the trial. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.