■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LABOY, Appellant. [674 NYS2d 640] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered November 15, 1996, convicting defendant, after a jury trial, of four counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to five concurrent terms of 10 to 20 years, unanimously affirmed.

The court properly exercised its discretion in excusing, without inquiry, those prospective jurors who indicated they could not be impartial. This did not constitute an abdication of the court's judicial function in voir dire, since these venirepersons' unequivocal responses to the court's question satisfied the court of their lack of qualification to serve as jurors.

The court properly permitted the introduction of limited expert testimony concerning the various roles played during an observation post operation to provide the jury with an understanding of the officers' behavior, and to demonstrate the reliability of the officers' observations (*People v Almodovar,* 178 AD2d 133, *lv denied* 79 NY2d 943). Moreover, this testimony was not unduly prejudicial, nor did it improperly enhance the officers' reliability (*supra; see also, People v Maldonado,* 220 AD2d 212, *lv denied* 87 NY2d 904).

The court also properly admitted expert testimony concerning photographs taken, since the photographer had extensive experience, and the testimony was helpful, under the circumstances, on the issue of magnification (*see, People v Miller,* 91 NY2d 372). The court's instructions obviated any potential prejudice.

The court properly refused to admit a criminal court complaint that purportedly contradicted one of the officers' testimony on a tangential matter. The complaint was signed by a different officer, who did not testify, and the purported contradiction appeared in a quotation from yet another non-testifying officer. This accusatory instrument, containing double hearsay, was not admissible under any theory advanced by defendant at trial or on appeal. Defendant's request for a continuance to bring in one of the officers involved in the document's completion was properly denied, since the court had already granted a continuance to afford defendant an opportunity to plan his defense, and since defendant had ample opportunity to procure such testimony (*see*, *People v Major*, 243 AD2d 310, *lv denied* 91 NY2d 928).

The People's rebuttal testimony, which demonstrated that defendant's girlfriend was also seen selling drugs at the same time as defendant, was properly admitted. Defendant's position was that he and his girlfriend were jointly at the location of the arrest for an innocent purpose, and the fact that an officer saw his girlfriend sell drugs, albeit out of defendant's presence, was relevant in that it contradicted the defense presentation that they were in Manhattan to run errands and visit friends (*see*, *People v Cade*, 73 NY2d 904), and did not create guilt by association.

We perceive no abuse of sentencing discretion.

We have considered defendant's other arguments and find them to be without merit. Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.