■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ROBERSON, Appellant. [716 NYS2d 43] —Order, Supreme Court, New York County (William Wetzel, J.), entered on or about November 12, 1997, which denied defendant's motion made pursuant to CPL 440.10 to vacate a judgment of the same court (Edward Sheridan, J.), rendered January 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5½ to 11 years, unanimously affirmed.

The court properly denied defendant's CPL 440.10 motion without a hearing. The branch of the motion based on newly discovered evidence was properly denied because defendant did not establish that the evidence of the arresting officer's alleged perjury in unrelated matters would have probably affected the result of defendant's trial (*see, People v Salemi*, 309 NY 208). The evidence merely tended to impeach the officer's general credibility, and, in any event, this officer's role in the case was limited to making an arrest based on a radio transmission from the undercover officer who had made the buy from defendant and had testified at trial. The branch of the motion based on *Brady v Maryland* (373 US 83) was properly denied because there was no evidence that at the time of defendant's trial the prosecution was aware of the officer's alleged misconduct in other cases (*People v Vasquez*, 214 AD2d 93, 99-102, *lv denied* 88 NY2d 943), and defendant's claim that this knowledge should nevertheless be imputed to the prosecution rests entirely on newspaper articles rather than sworn allegations of fact (*see, People v Major*, 243 AD2d 310, *lv denied* 91 NY2d 928). Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.