■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY GORDON, Appellant. [768 NYS2d 331]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered July 20, 1999, convicting defendant, after a jury trial, of grand larceny in the third degree (two counts), grand larceny in the fourth degree, scheme to defraud in the first degree, offering a false instrument for filing in the first degree (10 counts), and filing a false tax return (seven counts), and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.

The trial court properly excused a prospective juror who revealed that he was subject to a statutory disqualification (see CPL 270.20 [1] [c]; *People v Branch*, 46 NY2d 645, 650 [1979]). Further inquiry by the court or counsel would have served no useful purpose (see *People v Laboy*, 251 AD2d 95 [1998], *lv denied* 92 NY2d 950 [1998]).

Since defendant's exception to the court's charge was insufficient to alert the court to his present claim, that claim is unpreserved and we decline to review it in the interest of justice. Were to review this claim, we would find that the court, at defendant's request, correctly instructed the jury on the general provision covering the effect on criminal liability of a defendant's alleged mistake of law (Penal Law § 15.20 [2]). We would further find that the jury instruction that defendant now argues should have been delivered would have been incompatible with the cited Penal Law provision, as well as with the specific mistake of law provision found in Tax Law § 1804 (c).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.