■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 29, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant, Jose Esquillin, were jointly tried on charges stemming from a robbery of a grocery store at 32-47 94th Street, Queens, on September 6, 1984. The defendant claims that his constitutional right of confrontation was violated by the introduction of the admissions of his codefendant; in particular, the codefendant's statements with respect to the robbery that "we did it because we needed the money" and "we both had a knife".

Initially, we note that the defendant has failed to preserve this claim of error for appellate review *(see,* CPL 470.05 [2]). In any event, while we recognize that the admission of the pretrial statement of the nontestifying codefendant was improper *(see, Cruz v New York,* 481 US 186, *on remand* 70 NY2d 733; *Bruton v United States,* 390 US 123; *People v*

*Wheeler,* 62 NY2d 867), under the circumstances the error was harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230; *People v Mistretta,* 147 AD2d 661). The defendant was identified in court by three eyewitnesses all of whom also identified the gun used by the defendant. He was apprehended near the scene hiding in an ivy patch. In addition, the defendant himself admitted to having discarded the gun, which was subsequently recovered in the ivy patch where he had been apprehended. We conclude that the outcome of this case would not have been altered had the trial court excluded the statement of the nontestifying codefendant, which did not implicate the defendant by name, nor refer to the gun.

Similarily, while it was also error, as conceded by the People, for the trial court to allow an officer to give testimony that bolstered a witness's out-of-court identification of the defendant *(People v Trowbridge,* 305 NY 471), the strength of the in-court identification by the three eyewitnesses renders this error harmless *(People v Johnson,* 57 NY2d 969; *People v Mobley,* 56 NY2d 584).

Finally, we find no basis to disturb the sentence imposed. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.