■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 5, 1989, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing two concurrent indeterminate terms of 12 to 24 years imprison-ment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to two concurrent indeterminate terms of 7½ to 15 years imprisonment; as so modified, the judgment is affirmed.

On August 6, 1988, three men robbed two men at gunpoint in a subway car. The complainants reported the incident and supplied the police with a description of the perpetrators. Shortly thereafter, the police observed three men fitting the complainants' descriptions in the Sutter Avenue subway sta-tion. The suspects fled as they saw the officers approach and the officers gave chase. One of the arresting officers observed the defendant toss away a pistol as he fled. After his arrest, the defendant admitted during interrogation that he had obtained some of the property found in his possession "from the guy I robbed".

One of the complainants identified the defendant immedi-ately after his arrest in a showup procedure, and further identified a gold ring one of the arresting officers had removed from the defendant as the ring which the defendant had stolen from him during the robbery. At a lineup, the second complainant identified the defendant's two accomplices as participants in the robbery, but was unable to identify the defendant.

Although the second complainant did not identify the defen-dant in the lineup, he was permitted over the defense coun-sel's objection, to make an in-court identification of the defen-dant at the *Wade* hearing. The defense counsel objected asserting, *inter alia,* that since the second complainant had not previously identified the defendant, permitting him to identify the defendant at the hearing would constitute a per se suggestive courtroom showup. Significantly, during that complainant's cross-examination, it was revealed that the prosecutor had displayed the defendant's lineup and individ-ual arrest picture to him earlier that day prior to the hearing.

The hearing court ruled that the showup conducted with respect to the first complainant was an appropriate procedure under the circumstances, and further concluded that any in-court identification made by the witnesses would be supported by an independent source. On appeal, the defendant argues, *inter alia,* that the *Wade* hearing identification conducted with respect to the second complainant was impermissibly suggestive and tainted that witness's trial identification, thereby warranting reversal of his conviction.

The admission of the second complainant's trial identification was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt. The defendant, who matched the complainants' descriptions of the assailants, was observed fleeing with a gun in his hand by one of the arresting officers and later admitted that he had obtained some of the property found on his person "from the guy I robbed". Moreover, the first complainant positively identified the defendant as the assailant who had stolen his gold ring, the same ring which the police recovered from the defendant's person after he was arrested.

However, the sentence was excessive to the extent indicated.

We have reviewed the defendant's remaining contentions, including those made in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.