■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI DORCAS, Appellant. [630 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered July 27, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911)* was insufficient to support the trial court's decision to close the courtroom to the general public, including the defendant's mother, during the testimony of the undercover police officer. In this case, the undercover officer purchased the drugs, and the defendant was arrested, on the same block where the defendant lived with his mother. The undercover officer testified that he still acted as an undercover officer in that area and that he attempted to make drug purchases in that area about once or twice a week. The officer further testified that under such circumstances, the defendant's family or friends could very well point him out as he attempted to make another buy, thus jeopardizing his safety and cases.

Accordingly, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officer's testimony *(see, People v Martinez,* 82 NY2d 436, 443; *People v Badillo,* 207 AD2d 742; *People v Skinner,* 204 AD2d 664; *cf., People v Kin Kan,* 78 NY2d 54). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.