■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER FELICIANO, Appellant. [644 NYS2d 307]

After the defense objected to the prosecution's use of peremptory challenges to exclude black jurors, the prosecutor offered race-neutral explanations for her challenges. The trial court conducted an " 'inquiry into such circumstantial and direct evidence of intent as may be available' " (Batson v Kentucky, 476 US 79, 93, quoting Arlington Hgts. v Metropolitan Hous. Dev. Corp., 429 US 252, 266), weighed the relevant facts and circumstances, and correctly determined that the explanations were not pretextual (see, People v Richie, 217 AD2d 84). The explanations offered, which included one juror's lack of community ties, and a second juror having family members incarcerated for similar crimes, constituted nonpretextual explanations for the prosecution's challenges.

The trial court properly conducted a Hinton hearing and closed the courtroom during the testimony of an undercover officer (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911; Waller v Georgia, 467 US 39). The defense opposed the exclusion of the defendant's mother and sister. When a defendant objects to the exclusion of a particular individual, the party seeking exclusion must prove that it is necessary to protect an overriding interest of the witness (see, People v Gutierez, 86 NY2d 817; see also, People v Kin Kan, 78 NY2d 54, 58-59; People v Green, 221 AD2d 363). The officer testified, inter alia, that he had ongoing undercover operations and investigations within the locale of the arrest, that he would be returning to that location within days of his testimony, and that if his identity were revealed, his safety and pending cases would be endangered. The defendant's mother and sister lived within the area of the undercover operations, and the officer reasonably feared that they would be able to identify him during these operations, jeopardizing himself and his team (see, People v Santiago, 220 AD2d 628; People v Vargas, 220 AD2d 630;

*compare, People v Gutierez, supra,* at 817; *People v Martinez,* 82 NY2d 436). Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.