■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BLAKE, Appellant. [726 NYS2d 433] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 18, 1999, convicting him of criminal sale of a controlled substance in the third degree and bail jumping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his brother and cousin from the courthouse during the testimony of an undercover officer. We disagree. During the *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the defendant objected to the exclusion of his brother and cousin. When a defendant seeks to limit closure to permit the attendance of certain individuals, the People must present evidence that those individuals threaten the safety of the witness (*see, People v Nieves,* 90 NY2d 426; *People v Gutierez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532; *People v Johnson,* 222 AD2d 456). Here, the officer testified, *inter alia,* that he had ongoing undercover operations and investigations within the locale of the arrest, that he would be returning to that location within days of his testimony, and that if his identity were revealed, his safety and cases would be endangered. The defendant's brother and cousin lived within the area of the undercover

operations, and the officer reasonably feared that they would be able to identify him during these operations, jeopardizing himself and his team (*see, People v Feliciano,* 228 AD2d 519; *see also, People v Dorcas,* 218 AD2d 813; *People v Powell,* 246 AD2d 494; *People v Yung,* 240 AD2d 252). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.