■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HARGETT, Appellant. [742 NYS2d 638] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered March 6, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his right to a public trial because his family was, in essence, precluded from attending the trial as a result of the trial court's decision to use a blackboard to block their view of an undercover officer during his testimony.

"When a defendant seeks to limit closure to permit the attendance of certain individuals, the People must present evidence that those individuals threaten the safety of the witness" (*People v Blake,* 284 AD2d 339; *see People v Nieves,* 90 NY2d 426).

The officer testified, inter alia, that he had ongoing undercover operations and investigations within the area of the arrest, that he would be returning to the area where the arrest took place, and that if his identity was revealed, his safety and cases would be jeopardized. The officer also testified that he had lost subjects and that he had never testified in open court before (*see People v Ramos,* 90 NY2d 490; *People v Martinez,* 82 NY2d 436; *People v Nicot,* 237 AD2d 310). Although the family members who the defendant requested to be present during the officer's testimony did not have any criminal history, they lived within the area of the undercover operations and the officer testified that he feared that they would be able to identify him during these operations, jeopardizing himself and his team.

Moreover, the court ordered a narrowly tailored alternative to closure with regard to the defendant's family, allowing them to remain in the courtroom during the officer's testimony provided that a blackboard was placed to block their view of the undercover officer. The court also considered alternatives and articulated its reasoning on the record (*see People v Jones,* 96 NY2d 213, 220; *People v Rodriguez,* 258 AD2d 483).

Therefore, the trial court properly exercised its discretion when it closed the courtroom to the public during the trial testimony of the undercover police officer (*see People v Blake, supra; People v Feliciano,* 228 AD2d 519; *People v Dorcas,* 218 AD2d 813; *see also People v Jones, supra*). Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.