■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE FOXWORTH, Appellant. [759 NYS2d 173] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered July 18, 2001, convicting her of criminal sale of a controlled substance in the third degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), the undercover detectives who had participated in the "buy and bust" operation that resulted in the defendant's arrest indicated that they were still conducting undercover operations in the area where the arrest took place. The detectives also testified that they had been threatened by subjects in that area, and had lost subjects from that area. Contrary to the contention of the defendant, under these circumstances, the Supreme Court providently exercised its discretion in excluding the general public from the courtroom during the detectives' trial testimony (*see People v Wilson,* 251 AD2d 688 [1998]; *People v Nicot,* 237 AD2d 310 [1997]; *People v Monroig,* 223 AD2d 730 [1996]), and specifically excluding her mother and friend, who lived within the area of the undercover operations and could identify the detectives and jeopardize their safety (*see People v Blake,* 284 AD2d 339 [2001]; *People v Feliciano,* 228 AD2d 519 [1996]; *People v Dorcas,* 218 AD2d 813 [1995]). The defendant's contentions regarding the adequacy of the Supreme Court's findings in support of its closure order are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Molina,* 297 AD2d 601 [2002], *lv denied* 98 NY2d 770 [2002]), and, in any event, are without merit.

The defendant contends that the prosecutor improperly cross-examined the defense witnesses and made improper comments on summation. The defendant's contentions in this regard are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hunte,* 276 AD2d 717 [2000]). In any event, while we agree that certain questioning was improper (*see People v Glover,* 134 AD2d 448 [1987]), and that certain summation comments were also improper (*see People v Benedetto,* 294 AD2d 958 [2002]), any error was harmless under the circumstances (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Valdez,* 269 AD2d 550 [2000]). Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.