■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MENDEZ, Appellant. [771 NYS2d 905]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Ruchelsman, J.), rendered June 13, 2001, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court deprived him of his right to a public trial by stationing a police officer outside the courtroom door during the testimony of an undercover police officer is unpreserved for appellate review (*see People v Diaz,* 265 AD2d 489 [1999]). In any event, the trial court properly exercised its discretion. The undercover officer testified at a *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) that he continued to work in an undercover capacity in the area where the defendant was arrested, that two of his cases from the area of the defendant's arrest remained open with lost subjects, and that his safety would be jeopardized if his identity was revealed (*see People v Jones,* 96 NY2d 213 [2001]; *People v Hargett,* 293 AD2d 757 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.