■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX RAMOS, Appellant. [789 NYS2d 152]—

Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered August 28, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The communications between the court and jury, conducted through a court officer, with respect to the jury's requests for additional time to deliberate before adjourning for the day concerned ministerial matters, did not constitute an improper delegation of judicial authority and did not require defendant's presence (*see People v Bonaparte*, 78 NY2d 26 [1991]). The court officer simply relayed to the jury the court's directions to cease deliberations and relayed to the court the jury's requests for more time. Defendant's remaining arguments concerning the court's handling of the jury's requests are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.