■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GARROL JONES, Appellant. [806 NYS2d 885]—

Appeal by the defendant from a judgment of the Supreme
Court, Queens County (Latella, J.), rendered May 20, 2003,
convicting him of criminal sale of a controlled substance in the
third degree (five counts) and criminal sale of a controlled
substance in or near school grounds (five counts), upon a jury
verdict, and imposing sentence. The appeal brings up for review
the denial, without a hearing, of that branch of the defendant's
omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prose-
cution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it
was legally sufficient to establish the defendant's guilt beyond a
reasonable doubt. Moreover, upon the exercise of our factual
review power, we are satisfied that the verdict of guilt was not
against the weight of the evidence (*see* CPL 470.15 [5]).

Furthermore, the Supreme Court properly determined that
the photographic and showup identifications of the defendant
by the undercover officer were confirmatory in nature and that
the defendant was not entitled to a *Wade* hearing (*see United
States v Wade,* 388 US 218 [1967]; *People v Wharton,* 74 NY2d
921 [1989]; *People v Quinones,* 292 AD2d 239 [2002]; *see also
People v Smith,* 293 AD2d 764 [2002]; *cf. People v Rodriguez,*79
NY2d 445 [1992]).

We decline to exercise our interest of justice jurisdiction to
dismiss the non-inclusory concurrent counts of the indictment
(*see People v Johnson,* 297 AD2d 822 [2002]; *People v Ramos,* 15
AD3d 236 [2005]).

The sentence imposed was not excessive (*see People v Suitte,*
90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his supple-
mental pro se brief, are without merit. Cozier, J.P., Goldstein,
Fisher and Dillon, JJ., concur.