OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant was initially charged by Criminal Court information with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Subsequently, the Criminal Court information was replaced by a prosecutor’s information which retained the same Criminal Court index number. All proceedings up to the date of trial took place in the Criminal Court. However, the trial, before a jury of six persons, was heard in a courtroom of the Supreme Court before William Erlbaum, J., who, at the time, was a Criminal Court Judge who had been appointed an Acting Supreme Court Justice. Since Judge Erlbaum, even though appointed an Acting Supreme Court Justice, retained his status as a Criminal Court Judge, which included his jurisdiction to preside over Criminal Court matters, the instant matter, even though tried in a courtroom in the Supreme Court, remained a Criminal Court proceeding presided over by a Criminal Court Judge (see Matter of Carnese v Wiegert, 273 AD2d 554, 556 [2000]). The situs of the trial was nothing more than an allocation of space available at the time of the trial and has no bearing on jurisdiction (People ex rel. Weick v Warden of City Prison, 117 App Div 154 [1907], affd on op below 188 NY 549 [1907]). In fact, defendant’s trial counsel did not object to the procedure employed and acknowledged his awareness that the case remained a Criminal Court matter by noting in the notice of appeal and in his application for poor person relief that the appeal was from a judgment of the Criminal Court. Thus, we see no merit in defendant’s contentions that he was brought to trial in the Supreme Court without the filing of an indictment or a superior court information (CPL 210.05) and that an appeal lies not to this court but to the Appellate Division (CPL 450.60 [1], [4]; cf. 22 NYCRR 142.3).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the credible evidence (see CPL 470.15 [5]). The *107 resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which had the opportunity to see and hear the witnesses (see People v Gaimari, 176 NY 84 [1903]). The determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Garafolo, 44 AD2d 86 [1974]).
Pesce, PJ., Golia and Rios, JJ., concur.