■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL GONZALEZ, Appellant. [843 NYS2d 632]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered April 22, 2005, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in closing the courtroom during the testimony of an undercover police officer. The undercover officer testified at a *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), that he had ongoing undercover operations and investigations within the area of the arrest, that he would be returning to the area where the arrest took place, and that if his identity were revealed, his safety and cases would be jeopardized. The officer also testified that he had lost subjects, had been threatened by subjects in that area, and that he had not testified in open court (*see People v Ramos*, 90 NY2d 490, 499 [1997], *cert denied* 522

US 1002 [1997]; *People v Martinez*, 82 NY2d 436, 443 [1993]; *People v Mendez*, 5 AD3d 400 [2004]; *People v Foxworth*, 305 AD2d 424, 425 [2003]; *People v Hargett*, 293 AD2d 757, 758 [2002]).

The defendant failed to preserve for appellate review his contention that the trial court considered improper factors in imposing sentence (*see People v Harrison*, 82 NY2d 693, 694 [1993]; *People v Matthews*, 1 AD3d 530 [2003]). In any event, this contention is without merit, and the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Crane, Ritter and Lifson, JJ., concur.