■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JAMES, Appellant. [849 NYS2d 670]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered September 6, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identifica-

tion testimony after taking evidence to establish that the identifications in question were confirmatory (*see People v Jones,* 25 AD3d 622 [2006]).

During voir dire, the Supreme Court providently exercised its discretion in excusing, sua sponte, those prospective jurors who expressed uncertainty as to their ability to be fair (*see People v McGhee,* 4 AD3d 485, 486 [2004]; *People v Boozer,* 298 AD2d 261 [2002]; *People v Laboy,* 251 AD2d 95 [1998]).

The defendant's contention regarding the allegedly improper closure of the courtroom during the testimony of one of the undercover police officers is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Casper,* 287 AD2d 575 [2001]; *People v Martinez,* 248 AD2d 730, 730-731 [1998]; *People v Latta,* 222 AD2d 303, 303-304 [1995]). In any event, the court properly exercised its discretion in closing the courtroom during the testimony of the undercover police officer. The undercover officer testified at a *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), that he would be returning to the area where the arrest took place, that he had lost subjects, had been threatened by subjects in that area, had not testified in open court, and that if his identity were revealed, his safety and cases would be jeopardized. Under these circumstances, the court providently exercised its discretion in concluding that testifying in open court might endanger the undercover officer's safety or compromise his effectiveness (*see People v Gonzalez,* 43 AD3d 827 [2007]; *People v Lopez,* 19 AD3d 510, 511 [2005]; *People v Mendez,* 5 AD3d 400, 401 [2004]).

The court properly declined to submit to the jury criminal possession of a controlled substance in the seventh degree as a lesser-included offense of criminal sale of a controlled substance in the third degree. Viewing the evidence in the light most favorable to the defendant (*see People v Martin,* 59 NY2d 704, 705 [1983]; *People v Monroe,* 30 AD3d 616 [2006]), there is no reasonable view of the evidence to support a finding that he committed the lesser offense but not the greater (*see People v Negron,* 91 NY2d 788, 793-794 [1998]; *People v Scarborough,* 49 NY2d 364, 373-374 [1980]; *People v Hernandez,* 42 AD3d 657, 659-660 [2007]).

The defendant failed to preserve for appellate review his contentions regarding the prosecutor's summation and the admission of testimony regarding the undercover officer's photographic identification. In any event, these contentions are without merit or do not require reversal.

The defendant's remaining contention is without merit. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.