■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON SCOTT, Appellant. [884 NYS2d 263]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered April 19, 2007, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the complainant's identification testimony was not incredible as a matter of law.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The complainant testified that he was well-acquainted with the defendant prior to the robbery, had an opportunity to view the defendant both as he approached the car and during the robbery, and recognized

the defendant's distinctive voice. Further, any discrepancies between the complainant's testimony and his description of the perpetrator to police or account of events to police were not of such magnitude to render his testimony incredible or unreliable (*see People v Scipio,* 61 AD3d 899 [2009]; *People v Fields,* 28 AD3d 789, 790 [2006]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The remaining contentions raised in the defendant's supplemental pro se brief are without merit. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.