Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered April 7, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third *591 degree, and sentencing him, as a second felony drug offender, to a term of 372 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant’s course of conduct, including his initiation of contact with the undercover officer and his interactions with the person who actually sold the drugs, warranted the conclusion that defendant participated in the sale as a steerer and order taker, and did not merely give information as to where someone might purchase drugs (see People v Eduardo, 11 NY3d 484, 493 [2008]; People v Itchier, 304 AD2d 480 [2003], lv denied 100 NY2d 583 [2003]).
The court properly ruled that defendant’s aunt and cousin would be excluded from the courtroom while the undercover officer testified. It is undisputed that the People made a proper showing under Waller v Georgia (467 US 39 [1984]) to justify exclusion of the general public. Moreover, as a panel of the Second Circuit has held, at least as a matter of federal constitutional law, “Waller does not demand a higher showing before excluding a defendant’s friends and family” (Rodriguez v Miller, 537 F3d 102, 108-109 [2d Cir 2008]). In any event, the People made a sufficiently particularized showing to justify exclusion of these two relatives, thereby satisfying the requirements of New York case law (see People v Nieves, 90 NY2d 426 [1997]). The two relatives lived within the area of the undercover operations, and the officer reasonably feared that they might identify him during these operations, therefore posing a threat to his safety and effectiveness (see e.g. People v Alvarez, 51 AD3d 167, 175 [2008], lv denied 11 NY3d 785 [2008]; People v Blake, 284 AD2d 339 [2001], lv denied 96 NY2d 916 [2001]; People v Feliciano, 228 AD2d 519 [1996], lv denied 88 NY2d 1068 [1996]). The ruling was carefully limited to those of defendant’s relatives who both lived in the neighborhood at issue and as to whom the officer’s reasonable fear of being exposed was greatest. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.