■ The People of the State of New York, Respondent, v Raymond Tate, Appellant. [972 NYS2d 719]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered August 19, 2010, convicting him of criminal sale of a controlled substance in the third degree (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the Supreme Court's closure of the courtroom during the testimony of two undercover police detectives are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v James*, 47 AD3d 947, 948 [2008]; *People v Latta*, 222 AD2d 303, 303-304 [1995]). In any event, under the circumstances of this case, the court providently adopted a reasonable alternative to full closure of the courtroom, excluding the general public and allowing the defendant's sister and the defendant's friend to be present during the testimony of the two undercover detectives, and placing a blackboard in front of the detectives so as to shield their identities from the sister and the friend. The two undercover detectives testified at a *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) that they had conducted a long-term undercover operation in the particular housing project where the defendant had been arrested, and that there were unap-

prehended or "lost" subjects from that investigation. Further, they both testified that they had been threatened by subjects in the past and their safety would be jeopardized if their identities were revealed, that they both planned to conduct future narcotics operations in the area and that one detective planned to return to the particular housing project, that they currently had pending cases in the courthouse in which they were testifying, and that they took special precautions when testifying in court so as to protect their identities. Contrary to the defendant's contention, this testimony exceeded mere "unparticularized impressions of the vicissitudes of undercover narcotics work in general" and included particularized references to their own work which established a specific link between their safety concerns and open-court testimony in this case (*People v Ramos*, 90 NY2d 490, 498 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997] [internal quotation marks omitted]; *see People v Martinez*, 82 NY2d 436, 443 [1993]; *People v Mazarigos*, 76 AD3d 533, 534 [2010]; *People v James*, 47 AD3d at 948; *People v Gonzalez*, 43 AD3d 827, 827-828 [2007]; *People v Mendez*, 5 AD3d 400 [2004]).

The defendant's contention in his pro se supplemental brief relating to an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Thompson*, 81 AD3d 670, 672 [2011]; *People v Murad*, 55 AD3d 754, 756 [2008]) and, in any event, is without merit. The defendant's contention, also raised in his pro se supplemental brief, that the prosecutor presented perjured testimony, is likewise unpreserved for appellate review and, in any event, without merit (*see People v Garcia*, 57 AD3d 918, 919 [2008]). Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.