■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ROBINSON, Appellant. [29 NYS3d 466]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered April 17, 2013, convicting him of robbery in the first degree (eight counts), burglary in the first degree (five counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, burglary in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabrese, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant improperly relies, in part, upon trial testimony to challenge the hearing court's determination denying suppression of showup identification evidence. Trial testimony may not be considered in evaluating a suppression ruling on appeal (see People v Abrew, 95 NY2d 806, 808 [2000]; People v Jerry, 126 AD3d 1001, 1002 [2015]; People v Hudson, 71 AD3d 1046, 1047 [2010]).

The defendant contends that he was denied due process and deprived of a fair trial because the People failed to disclose, prior to the suppression hearing, that one of the complainants had seen him but failed to identify him during the first of two showup procedures. Contrary to the defendant's contention, the failure to disclose this information did not deprive the defendant of a fair trial. Moreover, although the People's failure to provide the defendant with notice of the first showup procedure violated the provisions of CPL 710.30 (see People v

*Lopez*, 84 NY2d 425 [1994]), this violation was harmless beyond a reasonable doubt, since the evidence of the defendant's guilt, without the testimony, was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Ward*, 116 AD3d 989 [2014]; *People v Siler*, 45 AD3d 1403 [2007]; *People v Francis*, 303 AD2d 598 [2003]; *People v Williams*, 186 AD2d 698 [1992]). Moreover, there was no *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]). The information, if disclosed, would not have affected the ultimate decision on the issues in question (*see People v Geaslen*, 54 NY2d 510 [1981]; *People v Scott*, 216 AD2d 592 [1995], *affd* 88 NY2d 888 [1996]; *see also People v West*, 184 AD2d 743, 743 [1992]; *People v Jones*, 171 AD2d 757, 757 [1991]).

Contrary to the defendant's contention, that complainant's identification testimony was not incredible as a matter of law (*see People v Scott*, 65 AD3d 707 [2009]; *People v John*, 51 AD3d 819 [2008]). In any event, this was not a case where all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, and where the jury is left without basis, other than impermissible speculation, for its determination of either (*see People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Crawford*, 38 AD3d 680, 681 [2007]).

The defendant failed to preserve for appellate review his contention that the trial court erred in failing to re-open the *Wade* hearing or declare a mistrial, as the application by his trial counsel was merely to preclude the identification testimony (*see People v Clanton*, 69 AD3d 754 [2010]). In any event, the defendant "failed to demonstrate that he discovered additional facts, not discoverable with reasonable diligence before the determination of the motion, that would have affected the court's ultimate determination of his suppression motion" (*People v Ekwegbalu*, 131 AD3d 982, 984 [2015]; *see People v Clark*, 88 NY2d 552, 555 [1996]; *People v Fuentes*, 53 NY2d 892, 894 [1981]; CPL 710.40 [4]), and, under the circumstances, a mistrial was not warranted (*see* CPL 280.10 [1]).

The defendant failed to preserve for appellate review his contention that certain testimony by a police witness constituted improper bolstering (*see People v Trowbridge*, 305 NY 471 [1953]) since he did not join in his codefendant's objection nor raise any objection on his own behalf (*see People v Moore*, 49 AD3d 901 [2008]; *People v Islam*, 22 AD3d 599 [2005]). In any event, there was no significant probability that, but for the

error, the jury would have acquitted the defendant (*see People v Clanton*, 69 AD3d at 754; *People v Toro*, 151 AD2d 705 [1989]).

The defendant's contention that a police witness committed perjury and that the prosecutor suborned it is unpreserved for appellate review (*see People v Tate*, 110 AD3d 1013 [2013]; *People v Garcia*, 57 AD3d 918 [2008]; *People v Jordan*, 181 AD2d 745 [1992]; CPL 470.05 [2]). In any event, the contention is without merit (*see People v Tate*, 110 AD3d at 1014; *People v Rios*, 81 AD3d 489 [2011]; *People v Cusamano*, 22 AD3d 427 [2005]; *People v Jordan*, 181 AD2d at 745).

The defendant contends that the verdict was against the weight of the evidence due to, among other things, the testimony of the arresting police officer concerning his ability to see the defendant holding and then tossing a gun, which the defendant contends is both implausible and inconsistent with that of another police witness. The defendant also points to other alleged discrepancies in the People's proof, including the failure to recover diamond earrings taken from a complainant. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Lucas*, 111 AD3d 763 [2013]).

The defendant's general one-word objection to the challenged comments made by the prosecutor on summation did not preserve the specific claims now raised on appeal (*see People v Floyd*, 97 AD3d 837 [2012]), inter alia, that the prosecutor improperly shifted the burden of proof to the defendant and relied on facts not in evidence. In any event, the comments were either fair comment on the evidence or the inferences to be drawn therefrom (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented on the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]) or harmless under the circumstances (*see People v Crimmins*, 36 NY2d 230 [1975]). Moreover, the comments did not constitute an impermissible effort to shift the burden of proof (*see People v Peters*, 98 AD3d 587, 589 [2012]).

The defendant's contention that certain counts in the indictment were multiplicitous is unpreserved for appellate review (*see People v Allen*, 24 NY3d 441, 448-450 [2014]; *People v Cruz*,

96 NY2d 857 [2001]), and, in any event, without merit. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.