■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant. [51 NYS3d 526]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered June 20, 2014, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in partially closing the courtroom during the testimony of an undercover police officer to whom the defendant was charged with selling narcotics. The undercover officer testified at a *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972]), that he expected to return to perform similar undercover work in, among other neighborhoods, the one in which he purchased drugs from the defendant, that he was actively engaged in two long-term undercover operations, and that he had 10 open cases in the courthouse in which the defendant was being tried. The undercover officer further testified that he took steps to protect his identity in the courthouse, that he never appeared in public in uniform or in the company of uniformed officers, and that he always traveled in unmarked vehicles. Under these circumstances, the record supports the court's determination that a specific link existed between the undercover officer's safety and his open-court testimony (*see People v Echevarria*, 21 NY3d 1, 15 [2013]; *People v Ayala*, 90 NY2d 490, 499-500 [1997]; *People v James*, 47 AD3d 947, 948 [2008]; *People v Gonzalez*, 43 AD3d 827 [2007]).

Moreover, the Supreme Court adopted a reasonable alternative to complete closure of the courtroom by permitting the defendant's mother to be present, and allowing the defendant to make an application for the presence of any other family members who might wish to attend. Because the record establishes the need to partially close the courtroom for the undercover officer's testimony, it is fair to infer that the court concluded that no lesser alternative would have adequately

protected the undercover officer's safety (*see People v Echevarria*, 21 NY3d at 19). Therefore, contrary to the defendant's contention, the court discharged its duty to consider reasonable alternatives to the partial courtroom closure (*see People v Echevarria*, 21 NY3d at 18-19; *see also Waller v Georgia*, 467 US 39, 48 [1984]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.