People v Sellers (2018 NY Slip Op 00173)





People v Sellers


2018 NY Slip Op 00173


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2013-07536
 (Ind. No. 30/12)

[*1]The People of the State of New York, respondent, 
v
Paul Sellers, appellant.


Paul Sellers, Attica, NY, appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget R. Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered July 18, 2013, convicting him of conspiracy in the second degree, attempted murder in the second degree (two counts), assault in the first degree, attempted assault in the first degree, gang assault in the first degree, attempted gang assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor presented perjured testimony is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Robinson, 138 AD3d 764, 766; People v Tate, 110 AD3d 1013, 1014; People v Jordan, 181 AD2d 745).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court