People v Caldara (2019 NY Slip Op 02351)





People v Caldara


2019 NY Slip Op 02351


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2014-09699
 (Ind. No. 10533/13)

[*1]The People of the State of New York, respondent,
v
Charles Caldara, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Debra Stevens Modica, J.), rendered October 3, 2014, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree (three counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After conducting a Hinton hearing (see People v Hinton, 31 NY2d 71), at which the testimony of the undercover police officer who purchased narcotics from the defendant provided a link between the officer's safety concerns and his open court testimony, the trial court properly considered reasonable alternatives, and made findings which adequately supported the determination to close the courtroom for the undercover officer's trial testimony (see People v Echevarria, 21 NY3d 1, 11; People v Jones, 96 NY2d 213, 220; People v Ramos, 90 NY2d 490, 498; People v Lewis, 148 AD3d 1056; People v James, 47 AD3d 947, 948).
We agree with the trial court's denial of the defendant's request for an agency charge, since no reasonable view of the evidence supported a finding that, in the narcotics transactions at issue, the defendant was acting solely on behalf of the undercover officer (see People v Herring, 83 NY2d 780, 782; People v Roche, 45 NY2d 78, 82-83; People v Fraser, 134 AD3d 734, 735; People v Shodunke, 12 AD3d 466).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court