The People of the State of New York, Respondent,
against
Evan P. Hicks, Appellant.




Ralph R. Carrieri, for appellant.
Nassau County District Attorney (Yael V. Levy and Monica M. C. Leiter of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (William A. Hohauser, J.), rendered August 3, 2017. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se), driving while intoxicated (common law), and failing to maintain a lane, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), failing to maintain a lane (Vehicle and Traffic Law § 1128 [a]), and speeding (Vehicle and Traffic Law § 1180 [a]). Following a jury trial, defendant was convicted of driving while intoxicated (per se), driving while intoxicated (common law), and failing to maintain a lane. Defendant appeals, arguing that the evidence was legally insufficient and that the verdicts were against the weight of the evidence.
As an initial matter, we note that, contrary to the People's assertion, defendant's legal sufficiency contentions are preserved for appellate review (see CPL 470.05 [2]; see People v Hawkins, 11 NY3d 484, 492 [2008]). 
At trial, a police officer testified that he had observed defendant's vehicle drift over the [*2]solid white line at the side of the road approximately two to three times, which had been captured by the officer's dashboard camera. After pulling defendant over, the officer observed that defendant had a strong odor of alcohol coming from his breath; very red, bloodshot, and glassy eyes; and slurred speech. Defendant admitted to having been drinking, and his performance on field sobriety tests further indicated to the officer that defendant was intoxicated. After his arrest, defendant voluntarily consented to the administration of a breath test, and his blood alcohol content was measured by an Intoxilyzer 5000 instrument at .09 of one percent (see Vehicle and Traffic Law § 1192 [2]). Viewing the evidence adduced at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove defendant's guilt of driving while intoxicated (per se), driving while intoxicated (common law), and failing to maintain a lane beyond a reasonable doubt(see People v Tandle, 71 AD3d 1176, 1178 [2010]; People v Scroger, 35 AD3d 1218, 1219 [2006]; People v Schoenwandt, 12 Misc 3d 105, 106-107 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Finally, defendant's cursory challenge to the pretrial determination that there was probable cause for the traffic stop improperly relies entirely upon trial testimony. "Trial testimony may not be considered in evaluating a suppression ruling on appeal" (People v Perez-Rodriguez, 166 AD3d 659, 659 [2018]; see People v Robinson, 138 AD3d 764, 764 [2016]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019