People v Ousmane (2020 NY Slip Op 02809)





People v Ousmane


2020 NY Slip Op 02809


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-00356
 (Ind. No. 2705/15)

[*1]The People of the State of New York, respondent,
v
Kareem Ousmane, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered December 16, 2016, convicting him of assault in the second degree, assault in the third degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's Batson challenges (see Batson v Kentucky, 476 US 79). The defendant failed to establish that the race-neutral reasons proffered for the peremptory challenges at issue were pretextual (see People v Hecker, 15 NY3d 625, 663-664; People v Smocum, 99 NY2d 418, 422-423).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the physical injury element of the crimes of assault in the second degree and assault in the third degree beyond a reasonable doubt (see Penal Law §§ 10.00[9]; 120.00[1]; 120.05[3]; People v Chiddick, 8 NY3d 445, 446-447; People v Rose, 120 AD3d 593, 594). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor made improper comments during summation is unpreserved for appellate review, as defense counsel either failed to object to the challenged comments, registered one-word general objections, or, after the Supreme Court issued curative instructions with respect to some of the remarks, failed to request further instructions (see CPL 470.05[2]; People v Gill, 54 AD3d 965, 965-966). In any event, the remarks either were fair [*2]comment on the evidence, were fair response to arguments raised by the defense in summation, or did not exceed the bounds of permissible rhetorical comment (see People v Fassino, 169 AD3d 921, 923).
The defendant's contention that the Supreme Court should not have sentenced him in absentia is without merit. "A defendant has the right to be present at all material stages of trial (see People v Ciaccio, 47 NY2d 431, 436), including sentencing (see CPL 380.40[1])" (People v Stewart, 28 NY3d 1091, 1092). A defendant who has been convicted of a felony may waive his right to be present at sentencing, but must do so "expressly" (People v Rossborough, 27 NY3d 485, 488). The sentencing minutes reflect that the defendant voluntarily left the courtroom during the sentencing proceeding after being apprised by the court of his right to be present and to make a statement, and refused to return to the courtroom when the court invited him back in (see People v Herrera, 160 AD2d 416). Accordingly, the defendant made a "knowing, voluntary and intelligent decision" to waive his right to be present at sentencing (People v Corley, 67 NY2d 105, 110).
The defendant's contention that the Supreme Court improperly sentenced him by utilizing a presentence report (hereinafter PSR) which did not include an interview with the defendant is unpreserved for appellate review, as he did not raise this claim at sentencing (see CPL 470.05[2]; People v Marin, 157 AD2d 804, 805). In any event, this contention is without merit. The defendant cannot be heard to complain about the absence of a complete PSR inasmuch as he was afforded an opportunity to provide information to the court which he could have provided in an interview but refused to do so. Accordingly, having failed to take advantage of this opportunity, the defendant waived his objection (see People v Greene, 209 AD2d 541, 542).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court should have granted his pro se motion, made prior to jury selection, which was, in effect, to relieve assigned counsel and be appointed new counsel, is without merit (see People v Torres, 177 AD3d 785).
The defendant's contention, raised in his pro se supplemental brief, that his Fourth and Fifth Amendment rights were violated when a sample of his blood was taken at the hospital is unpreserved for appellate review, and, in any event, without merit. There is no evidence in the record that the defendant's blood was not drawn consensually or for the purpose of medical treatment (see e.g. People v King, 232 AD2d 111, 117-118).
The defendant's contention, raised in his pro se supplemental brief, that the prosecutor presented perjured testimony is unpreserved for appellate review, and, in any event, without merit (see People v Tate, 110 AD3d 1013).
The defendant's remaining contention, raised in his pro se supplemental brief, that the judgment should be vacated on the basis that he is actually innocent is not reviewable on direct appeal from the judgment. Rather, such a claim of actual innocence should be raised in a CPL 440.10 motion (see e.g. People v Hamilton, 115 AD3d 12, 15).
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court