■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MILLAN, Appellant. [752 NYS2d 866] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 14, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly closed the courtroom to the general public during the testimony of the undercover officer, who had continuing investigations in the area of defendant's arrest, would be returning to the area to continue undercover work, had been threatened in the past and took precautions when testifying (*see People v Ramos*, 90 NY2d 490, 498-499, *cert denied sub nom. Ayala v New York*, 522 US 1002). The officer also testified that any of defendant's relatives who lived in the vicinity of his ongoing investigations would pose a threat. Accordingly, the court properly determined that in the event that any of defendant's family members arrived and sought entry during the undercover officer's testimony, the prosecutor would have a reasonable opportunity to ascertain whether there was a basis upon which to exclude them (*see People v Gutierez*, 86 NY2d 817). This was a limited restriction to protect the officer, and did not in fact exclude anyone.

The challenged portions of the People's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and the summation did not deprive defendant of a fair

trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The prosecutor was entitled to respond to the defense summation which had accused the police witnesses of lying. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.