■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON GORIS, Appellant. [758 NYS2d 65] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered May 6, 1997, convicting defendant, after a jury trial, of criminal

sale of a controlled substance in the third degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

The People made a sufficient showing to warrant the exclusion of defendant's girlfriend during the undercover officer's testimony, as well as the use of a screening procedure to ascertain the identities and residences of unnamed additional family members (*see Waller v Georgia,* 467 US 39 [1984]). Defendant's girlfriend lived at the precise location of the sale, and the undercover officer regularly made undercover purchases in that area, where he was involved in a long-term investigation in which he was still looking for a subject. Accordingly, defendant's girlfriend, as well as other family members residing nearby, posed a particularized threat to the officer's safety and effectiveness (*see People v Blake,* 284 AD2d 339 [2001], *lv denied* 96 NY2d 916 [2001]). The screening procedure imposed as to unnamed family members, none of whom appeared at any time during the trial, was an appropriate limited restriction that did not actually exclude anyone (*see People v Millan,* 301 AD2d 407 [2003]).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of police witnesses. The court properly precluded a line of inquiry that was marginally relevant at best and invited speculation. Defendant received a full opportunity to attack the officers' credibility and was not deprived of his right to confront witnesses and present a defense (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]). Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.