THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DEAN, Appellant. [931 NYS2d 57]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

Defendant was acquitted of more serious charges arising out of the same observation sale. In performing weight of evidence review, we may consider the jury's verdict on other counts (*see*

*People v Rayam*, 94 NY2d 557, 563 n [2000]). Nevertheless, we find that the jury's mixed verdict does not warrant a different result. "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]).

The People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom during an undercover officer's testimony (*see e.g. People v Ramos*, 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Instead of a complete closure, the court permitted defendant's family members and other persons specified by defendant to attend, subject to appropriate screening measures. This satisfied the court's duty to consider reasonable alternatives to full closure (*see People v Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011]; *People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.