People v Bowens (2023 NY Slip Op 02284)

People v Bowens

2023 NY Slip Op 02284

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Ind No. 828/17 Appeal No. 150 Case No. 2019-4070 

[*1]The People of the State of New York, Respondent,
v
Jimmy Bowens, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (Shaina Watrous of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis Farber, J. at severance motion; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered March 29, 2019, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third and fourth degrees, and three counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of two years, unanimously affirmed.
The court did not violate defendant's right to a public trial by approving a process under which any family member who sought admission to the courtroom during the undercover officer's testimony would be screened to ascertain whether they were involved in criminal or drug activity in the neighborhood where the officer continued to work (see Waller v Georgia, 467 US 39, 45 [1984]; People v Jones, 96 NY2d 213, 220 [2001]). "Instead of a complete closure, the court permitted defendant's family members . . . to attend, subject to appropriate screening measures" (People v Dean, 88 AD3d 578, 579 [1st Dept 2011], lv denied 18 NY3d 858 [2011]). Defendant was accused of selling drugs with his brother from the home where they resided with their father, raising concerns about the possible involvement of other relatives in drug trafficking that justified giving the prosecutor "a reasonable opportunity to ascertain whether there was a basis upon which to exclude them" (People v Millan, 301 AD2d 407, 407 [1st Dept 2003], lv denied 99 NY3d 630 [2003]). The screening process employed was not arbitrary, it ensured that no family member would be excluded in the absence of a particularized reason for doing so, and it did not result in anyone's actual exclusion. The Waller balancing test "embraces consideration of measures less than complete closure while preserving the defendant's right to an open trial" (Jones, 96 NY2d at 220). Any possible chilling effect on attendance by family members was outweighed by the overriding interest in protecting the safety and effectiveness of the undercover officer.
The court providently exercised its discretion in declining to reopen the Hinton hearing after learning that defense counsel observed the undercover officer leave the courthouse through a public exit. The court reasonably surmised that the officer might have gotten lost on her way out in the "labyrinth behind the courtroom." This inference was confirmed by the prosecutor who informed the court that the officer told him that she became confused when exiting the courthouse after she used a door that locked behind her. Under these circumstances, the court reasonably discounted the possibility that, in her extensive hearing testimony, the officer's accidental use of a public exit did not contradict or undermine her safety concerns. The court appropriately concluded that since the brief appearance in public was accidental, there was no need for a reopened hearing.
The motion court properly denied defendant's motion to sever his trial from that of his codefendant on the ground of antagonistic defenses, filed more than a year after arraignment, both as untimely (see CPL 255.20) and on the merits. The motion was filed on the eve of the expected trial date, long after motion practice was completed, and long after defendant's counsel, or prior counsel, could have ascertained the potential defenses of both defendants. As for the merits, defendant did not satisfy the applicable two-part test, under which a defendant must establish that "the core of each defense is in irreconcilable conflict with the other" and that "there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (People v Mahboubian, 74 NY2d 174, 184 [1989]).
We reject defendant's claim that the verdicts convicting him of drug possession and paraphernalia crimes were against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). The evidence supports the conclusion that defendant and the codefendant jointly possessed the contraband at issue in connection with their joint drug-selling operation. Defendant's acquittal of certain other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023